IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Montril Brown,<br><br>  PETITIONER<br><br>v.<br><br>United States of America,<br><br>  RESPONDENT | Crim. No. 4:05-cr-00770-TLW-1<br>C/A No. 4:16-cv-02254-TLW<br><br>**Order** |

Petitioner Thomas Montril Brown was convicted at trial of three counts of carjacking, in violation of 18 U.S.C. § 2119 (Counts 1, 7, and 9); two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 3 and 5); one count of kidnapping, in violation of 18 U.S.C. § 1201(a) (Count 10); one count of being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g) (Count 12); and five counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6, 8, and 11).[1] ECF No. 177. The Court sentenced him to a total of 1,680 months incarceration. ECF No. 197. In his § 2255 petition, he

---

[1] The § 924(c) convictions were related to the following offenses:

  Count 2:  Carjacking (Count 1);

  Count 4:  Hobbs Act robbery (Count 3);

  Count 6:  Hobbs Act robbery (Count 5);

  Count 8:  Carjacking (Count 7); and

  Count 11:  Carjacking (Count 9) and kidnapping (Count 10).

1

challenges his convictions on all five § 924(c) counts, as he says he was "convicted of a non-offense over which this court did not have jurisdiction." ECF No. 357 at 1.

As to Petitioner's convictions on the Hobbs Act robbery-related § 924(c) counts, he makes two arguments why Hobbs Act robbery is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically under § 924(c)'s force clause in light of *Descamps v. United States*, 570 U.S. 254 (2013) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Petitioner's argument as to the force clause is not persuasive. Every circuit court that has addressed the issue has concluded that substantive Hobbs Act robbery is a valid § 924(c) predicate under the force clause. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). There is no basis to conclude that the Fourth Circuit would rule contrary to its sister circuits.[2]

---

[2] The Court notes that this issue is currently before the Fourth Circuit in at least three cases: *United States v. Allen*, No. 4:02-cr-00750-TLW-2 (D.S.C. Feb. 5, 2019) (order denying § 2255 petition), *appeal docketed*, No. 19-6305 (4th Cir. Mar. 4, 2019); *United States v. Gleaton*, No. 3:18-cr-00006-TLW-1 (D.S.C. Mar. 26, 2018) (order denying motion to dismiss), *appeal docketed*, No. 18-4558 (4th Cir. Aug. 8, 2018);

2

The analysis in the above cases applies here and is persuasive. Accordingly, the Court embraces that authority and concludes that Hobbs Act robbery qualifies as a § 924(c) predicate under the force clause.[3] *See also Stokeling v. United States*, 139 S. Ct. 544, 551, 554 (2019) (concluding that a robbery conviction is a violent felony under the ACCA's force clause as long as the conviction categorically required force sufficient to overcome a victim's resistance, however slight the resistance); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (concluding that carjacking under 18 U.S.C. § 2119 is a crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)(3)(A)).

As to Petitioner's conviction on the carjacking-related § 924(c) counts, the Fourth Circuit has foreclosed his argument, holding that "the carjacking statute qualifies as a crime of violence under Section 924(c), because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Evans*, 848 F.3d at 244 (quoting 18 U.S.C. § 924(c)(3)(A)).[4]

---

*United States v. Wilson*, No. 3:17-cr-00138-TLW-1 (D.S.C. Sept. 22, 2017) (order denying motion to dismiss), *appeal docketed*, No. 18-4159 (4th Cir. Mar. 15, 2018).

[3] As to § 924(c)'s residual clause, the Fourth Circuit recently concluded that it is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019) (en banc). However, *Simms* has no impact on this case because that decision only involved the residual clause, not the force clause.

[4] Because carjacking qualifies as a crime of violence, it is not necessary for the Court to decide whether kidnapping also qualifies.

3

Because Hobbs Act robbery and carjacking qualify as crimes of violence under § 924(c)(3)(A), Petitioner's petition for relief pursuant to § 2255, ECF No. 357, is **DENIED**. This action is hereby **DISMISSED**.[5]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**[6]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 17, 2019
Columbia, South Carolina

---

[5] A response from the Government to the petition is not required because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

[6] In light of the Court's ruling, the other outstanding motion in this case, ECF No. 354, is **DISMISSED AS MOOT**.